UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAIBHAV VAIBHAV,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-08450-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On October 14, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

Later the same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that they have to the court's stated intention to rule on the underlying petition based on

/////

the current briefing before it as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On October 16, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 7.) Therein, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and may seek a custody determination hearing if he so desires. (*Id.* at 4–5.) Respondents oppose all relief requested by petitioner despite conceding that "this matter does not appear to be substantially different than the cases cited by the Court in its minute order[.]" (*Id.* at 1.) Respondents do not oppose the court deciding this case on the merits based on the briefing currently before it, and the court will do so.

Respondents also attach evidence to their opposition, which indicates that petitioner was previously detained and released on his own recognizance. (*Id.* at 13.) In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release Vaibhav Vaibhav, A-File No. 245-951-075, from respondents' custody on the same conditions he was subject to prior to his recent re-detention;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is DIRECTED to serve a copy of this order on the Golden State Annex Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE